Commonwealth of Pennsylvania Milk Marketing Board *v.* Lehigh Valley Cooperative Farmers, Inc., Appellant. Reba Stilman, Intervening Appellee.

Argued September 11, 1975, before Judges CRUMLISH, JR., WILKINSON, JR., and ROGERS, sitting as a panel of three.

*James G. Rosenberg,* with him *Norman R. Bradley,* and *Saul, Ewing, Remick & Saul,* for appellant.

*Howard D. Brooks,* Assistant Attorney General, with him *Walter J. Sullivan,* Assistant Attorney General, for appellee.

*Edward Unterberger,* with him, of counsel, *Gold, Bowman & Korman,* for intervening appellee.

OPINION BY JUDGE WILKINSON, November 6, 1975:

This is an appeal from the final order of the Milk Marketing Board deciding that Lehigh Valley Cooperative Farmers, Inc. (Lehigh) is not entitled to benefit from a bond filed by Stil-Best Co. for the payment due on sour cream Stil-Best Co. purchased from Lehigh. The bond had been filed pursuant to the requirements of Section 501 of the Milk Control Law, Act of April 28, 1937, P. L. 417, *as amended,* 31 P. S. §700j-501. This Section provides, in pertinent part:

> "It shall be unlawful for a milk dealer or handler to purchase, acquire or receive on consignment or otherwise milk from producers unless the milk dealer or handler shall file with the board a corporate surety, individual surety, or collateral bond, supported by United States or Pennsylvania securities, approved by the board . . . . The bond shall be upon a form prescribed by the board, conditioned for the payment by the milk dealer or handler of all amounts due, including amounts due under this act and the orders of the board, for milk purchased or otherwise acquired from producers by the milk dealer or handler during the license year, upon such terms and conditions as the board may prescribe."

The Milk Marketing Law also provides in Section 509, 31 P. S. §700j-509:

> "The board shall have the power, in its discretion, to sue on the bond on behalf of producers. Suit may be brought in the name of the Commonwealth upon relation of the board, or of the Attorney General, in such manner as debts are now by law recoverable."

There is no doubt that Stil-Best Co. is obligated to Lehigh in at least the amount of $9,371.51 for the purchase of custom-bottled sour cream and the Milk

Marketing Board so found. In all probability, the actual indebtedness is in the order of $16,000.00.

During the course of the two hearings before the Board and in the briefs and argument before this Court, considerable time has been devoted to the points of whether sour cream that is manufactured as distinguished from cream that has become sour naturally is milk within the definition of the Act and whether Lehigh is a producer or a dealer when it sells custom-bottled sour cream to a dealer, *i.e.*, Stil-Best Co.

The Board seems to have resolved the first point in favor of the position of Lehigh, *i.e.*, custom-bottled sour cream is a controlled product. On the other hand, it seems to have resolved the second question against the position of Lehigh, *i.e.*, when selling custom-bottled sour cream to a dealer, Lehigh is acting as a dealer.

Regardless of the position one might take on either or both of the above disputed questions, all would certainly have to admit that each question is a difficult one and there is much to be said for both positions on each question. Therefore, it seems clear that this situation is just what the Legislature had in mind when it gave the Board discretion with regard to whether it will sue on the bond. Under such circumstances, this Court could not hold that the Board was arbitrary or capricious when it exercised its discretion and stated, in its amended order, "therefore the Board does not feel that it can lawfully claim on this bond." Indeed, it would be difficult to think of a more appropriate time to exercise its discretion against collection of the bond than in a case of doubtbul applicability.

Accordingly, we enter the following

ORDER

Now, November 6, 1975, the order of the Milk Marketing Board, dated December 30, 1974, is affirmed.